## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | | |
|---|---|---|
| *IN RE:* | : | |
| | : | |
| M&H Enterprises, LLC | : | CASE NUMBER 25-20625 |
| | : | |
| Debtor | : | CHAPTER 11 |
| | : | |

---

### MOTION TO DISMISS CHAPTER 11 CASE

M&H Enterprise, LLC ("M&H"), by and through undersigned counsel, hereby moves this court for an Order, substantially in the form attached to this Motion as Exhibit 3, under Bankruptcy Code § 305(a) and 1112(b) and Bankruptcy Rule 1017(a), dismissing this Chapter 11 Case. This Motion is supported by the entire record before the Court and the following:

### I.   JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334 because this case arises under title 11 of the United States Code and is a proceeding arising in and related to a case under title 11.  The statutory predicate for the relief sought herein is 11 U.S.C. § 363(c)(2), which governs a debtor's use of cash collateral, and Federal Rules of Bankruptcy Procedure 2002 and 4001(b).

2.     This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), and (O), as it concerns the administration of the estate, the use of property of the estate, and other proceedings affecting the adjustment of the debtor-

creditor relationship.  The Court has constitutional and statutory authority to enter final orders and judgments in this proceeding.

3.      Venue is proper in this District pursuant to 28 U.S.C.  §§ 1408 and 1409 because the Debtor's principal assets, including the real property located at 8229 Washington Boulevard, Jessup, Maryland 20794, are situated within the District of Maryland, and the Debtor's business operations are conducted within this District.

4.      The Debtor further acknowledges that this Court is the proper forum for consideration of this Motion, as the relief sought herein directly concerns the Debtor's property, cash collateral, and operations within the jurisdiction of this Court.

## II.  PRELIMINARY STATEMENT

5.      On October 28, 2025, the Debtor received a Notice of Foreclosure Sale issued by Hunter C. Piel, Esq., Substitute Trustee for Trius Lending Partners, stating that the foreclosure sale of the Property is scheduled to occur on Wednesday, November 12, 2025, at 1:00 p.m.  at the front entrance of the Circuit Court for Howard County, 9250 Judicial Way, Ellicott City, Maryland.  The notice further states that a deposit of $20,000.00 will be required from the purchaser at the time of sale.

6.      Manijeh Vedadi, the late owner of the commercial property at issue located at 8229 Washington Boulevard, Jessup, Maryland 20794 (the "Property"), passed away on August 25, 2024.  On September 10, 2024, her brother, Khosro Vedadi, was duly appointed as the Personal Representative of her Estate.  The Estate of Manijeh Vedadi is the sole owner of M&H Enterprises, LLC, which jointly holds title to the Property.

7. According to the deed recorded among the Land Records of Howard County, Maryland, ownership of the Property is vested in M&H Enterprises, LLC and the Estate of Manijeh Vedadi. Together, they constitute the "Debtor" for purposes of this Chapter 11 proceeding.

8. The Property is a multi-unit court of nine residential properties consisting of nine units, seven of which are occupied, one vacant, and one currently unrentable.

9. The total gross monthly rental income from occupied units is approximately $9,500.00, which serves as the Debtor's principal source of revenue for paying operating expenses, insurance, maintenance, and taxes. These funds are necessary to preserve and protect the Property's value during the pendency of this proceeding.

10. Trius Lending Partners, through Superior Settlement Services, LLC, holds a secured deed of trust against the Property and has initiated foreclosure proceedings in the Circuit Court for Howard County, Maryland.

11. The Debtor, through counsel, engaged in good faith negotiations with Trius Lending to stay the foreclosure and restructure the secured obligation. Despite these efforts, the negotiations were unsuccessful, as Trius Lending rejected the Debtor's proposed settlement and proceeded with plans to foreclose on the Property. As a result of the lender's rejection and the imminent foreclosure sale, the Debtor was left with no viable alternative and was compelled to file a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in order to preserve the Property, protect creditor interests, and pursue reorganization.

### III. SALE OF 8229 WASHINGTON BLVD JESSUP, MARYLAND 20794

12.     Debtor along with the Farzin Mehrabkhani have executed a Purchase Agreement to sell the property as of January 15, 2026. The purchase price is eight hundred seventy five thousand dollars even ($875,000.00). **See Exhibit 1**. The sale is "as-is" and the buyer is paying all closing costs and transfer tax.

13.     On October 25, 2025, the Buyer, Farzin Mebrabkhani was pre approved by MSF Mortgage Lending Solution Finders for a 30 year fixed loan in the amount of six hundred fifty six thousand two hundred fifty dollars even ($656,250) at a rate of 7.990% and requiring a down payment of twenty (25%), two hundred eighteen thousand seven hundred fifty dollars even ($218,750.00) to make the purchase. **See Exhibit #2**

14.     Truis Lending Partners the sole creditor in this case is aware of the Purchase Agreement and does not object to the sale of said property upon the dismissal of this matter so long as Truis Lending Partners is paid in full at closing.

15.     As a result of the Sale, the Debtor's financial and business affairs will be concluded and reduced to zero. The Debtor's assets are limited to the sale proceeds and the right to receive the Escrow Funds.

### RELIEF REQUESTED

16.     By this motion, the Debtor requests that the Court enters the Proposed Order dismissing this case and granting the relief contained therein.

17.     Under Bankruptcy Code § 1112, a bankruptcy court must dismiss a case "for cause": "on a request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the

requested dismissal is not in the best interests of creditors and the estate, the court shall dismiss a case in the best interest of creditors and the estate, if the movants establishes cause.

18.    Cause exists to dismiss the case. Trius Lending Partners is the Largest creditor, and they do not object to the dismissal. The entire lien held by Trius Lending Partners will be satisfied upon the sale of 8229 Washington Blvd Jessup, Maryland 20794.

19.    Consequently, the dismissal serves the best interest of the Debtor's creditors. The dismissal requested is logical, simple and does not cause any complex issues.

20.    The Debtor seeks the dismissal as a superior alternative to conversion of this case to chapter 7, an alternative that serves the best interests of both the Debtor and its Largest Creditor because it avoids a time-consuming Chapter 7 process that would only create significant administrative expenses depleting funds available to distribute to the sole creditor. The proposed dismissal is the option most likely to maximize creditor recovery at minimum expense.

**CONCLUSION**

For the foregoing reasons, the Debtor respectfully requests that the Court enters the Proposed Order substantially in the form attached to this Motion as **Exhibit 3** and grant any additional relief the court deems appropriate.

December 5, 2025                    Respectfully submitted,
                                   Law Office of Rowena N. Nelson, LLC



Rowena N. Nelson, Esq.
Federal Bar No. 28212
1801 McCormick Drive, Suite 150
Largo, Maryland 20772
(301) 358.3271 Phone
(877) 728.7744 Facsimile
information@rnnlawmd.com Email
*Attorney for M&H Enterprises, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of December 2025, a true and correct copy of the foregoing Motion to Dismiss Chapter 11 Case was served by first-class mail, electronic mail, and/or the Court's CM/ECF system upon the following:

Hugh M. (UST) Bernstein hugh.m.bernstein@usdoj.gov

Owen Jarvis ocj@carneykelehan.com

Rowena N Nelson rnelson@rnnlawmd.com,
paralegal@rnnlawmd.com,
attorney@rnnlawmd.com,
NelsonRR90047@notify.bestcase.com

US Trustee - Baltimore USTPRegion04.BA.ECF@USDOJ.GOV

Counsel for Trius Lending Partners:
Hunter C.  Piel, Esq.
Piel Law Firm, LLC
802 Cromwell Park Drive, Suite K
Glen Burnie, Maryland 21061
hpiel@peillawfirm.com


I hereby certify that on this 5th day of December 2025 a copy of the foregoing Motion to Dismiss filed by the Debtor was sent by first class mail postage prepaid to the attached matrix.



Rowena N. Nelson, Esquire