IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| | | Case No. 25-20625-DER |
| M&H Enterprises, LLC and | * | (Chapter 11) |
| The Estate of Manijeh Vedadi | | |
| | * | |
| Debtor. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION TO DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE**

Carney, Kelehan, Bresler, Bennett & Scherr, LLP ("Carney Kelehan") hereby opposes the Debtor's Motion to Dismiss Chapter 11 Case, and in support thereof states as follows:

1. The Estate of Manijeh Vedadi, Estate No. W120109 (the "Estate"), currently in probate in the Orphans' Court for Montgomery County, Maryland (the "Orphans' Court"), owns one hundred percent (100%) of the membership interests of the Debtor.[1]

2. Khosro Vedadi was appointed personal representative (the "Personal Representative") of the Estate on September 10, 2024 and is currently serving in that capacity.

3. As hereinafter explained, Carney Kelehan is a creditor of the Estate and, as such, is therefore a party in interest pursuant to 11 U.S.C. § 1109(b) as it has a claim against the sole owner of the Debtor and the Debtor's proposed dismissal will directly and materially impair its ability to collect on its claims.

---

[1] Debtor's counsel erroneously filed the Debtor's bankruptcy petition under the name M&H Enterprises LLC, when the correct legal name of the entity is M&H Enterprises **_L.L.C._**

4. Carney Kelehan filed in the Orphans' Court a Second Petition for Interim Allowance of Counsel Fees ("Second Petition") on February 3, 2025, which Petition was granted on February 28, 2025, in the amount of $22,594.27 (the "Second Petition Order").

5. Carney Kelehan filed in the Orphans' Court a Third Petition for Interim Allowance of Counsel Fees ("Third Petition") on May 20, 2025, which, following an Objection filed by the Respondent and a hearing, was granted on November 25, 2025 in the amount of $28,752.66 (the "Third Petition Order").

6. Further, on November 25, 2025, the Orphans' Court granted Carney Kelehan's Petition to Enforce Order Approving Payment of Attorney's Fees (on the Second Petition) directing the Personal Representative within fifteen (15) days to either a) pay Carney Kelehan the approved attorney's fees of $22,594.27, or b) file a detailed statement, under oath, explaining why the payment has not been made ("Order Enforcing Award on Second Petition").

7. As of the filing date of this Opposition, the Personal Representative has failed to comply with any of the Orders referenced in averments 4, 5 and 6 above.

8. On or about September 25, 2025, the Personal Representative sold and consummated settlement on the sale of a certain other real property asset of the Estate known as 707 New York Avenue, Takoma Park, MD 20912 (Tax ID: 13-01062383) (the "707 New York Avenue Property"), the net proceeds of which were $185,843.29 and were required to have been deposited by the Personal Representative into the Estate bank account.

9. Upon information and belief, the above-mentioned net proceeds from the sale of the 707 New York Avenue Property were never deposited by the Personal Representative into the Estate bank account and remain unaccounted for.

10. At present, aside from claims of mortgagees who hold notes secured by various real estate assets of the Estate, the Estate owes outstanding filed claims in the amount of $57,214.03, comprised of (a) a claim by Sandy Spring Bank for $4,842.10, (b) a claim by Nina Helwig for $1,025.00, (and, as related to this matter), (c) claims by Carney Kelehan totaling $51,346.93, all of which should have been readily payable by the Personal Representative from the proceeds of the aforementioned sale of the 707 New York Avenue Property.

11. Debtor is seeking to dismiss its Chapter 11 Bankruptcy Petition on the basis that it has entered into a contract for the sale of the real property known as 8229 Washington Boulevard, Jessup (Howard County), Maryland, 20794 (the "Subject Property"), the settlement of which is scheduled to occur on or about January 15, 2026 and the proceeds (the "Proceeds") of which will allegedly allow the Debtor to satisfy its sole creditor's first mortgage in full.

12. Based on the aforementioned facts, Carney Kelehan has a reasonable basis for concern that the Proceeds derived from the sale of the Subject Property may not be directed and paid to the Estate by the Personal Representative (as is required by virtue of the Estate being the sole owner of the Debtor).

13. Carney Kelehan therefore requests that this case remain open, and that if Debtor should pursue a settlement of such sale (the "Settlement"), the Court ensure that, following the Settlement, the Proceeds be immediately paid to and deposited into the bank account

of the Estate by the Personal Representative. If no such bank account has been opened for the Estate since its inception on September 10, 2024, Carney Kelehan requests that this Court direct the Personal Representative to open a bank account in the name of the Estate into which the Proceeds shall be deposited.

14. Upon information and belief, the Respondent has, among other indiscretions, failed to (a) utilize (or possibly establish) an Estate bank account for the receipt and disbursement of estate funds, or (b) deposit into an Estate bank account the proceeds payable to the Estate in the amount of $185,843.29 from the sale of the 707 New York Avenue Property.  As such, Carney Kelehan has a reasonable basis to believe that the Personal Representative will not direct and pay over to the Estate the proceeds, if any, from the sale of the Subject Property and, in turn, will not pay Carney Kelehan's claims as ordered by the Orphans Court.

15. 11 U.S. Code § 1112(b)(2) provides in part that the Court may not "dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate."

16. The unusual circumstance at issue is that the Debtor's Motion to Dismiss seeks dismissal so that Debtor may sell the Subject Property.  This circumvents the protection afforded to creditors by 11 U.S. Code §363(e), which provides that "...on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."

17. Carney Kelehan has an interest in the Subject Property by virtue of its claims against the Estate and thereby desires court supervision of any intended sale of the Debtor's assets to ensure that distributions from the impending sale are properly paid and directed to the Estate.

WHEREFORE, Carney Kelehan requests that this Court

    a. Deny the Debtor's Motion to Dismiss, and

    b. Grant such other and further relief as it deems appropriate.

Respectfully submitted,

/s/Owen Jarvis
Owen Jarvis, #28998
Carney, Kelehan, Bresler,
Bennett & Scherr, LLP
10715 Charter Drive, Suite 200
Columbia, Maryland 21044
ocj@carneykelehan.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 19th day of December, 2025, copies of the foregoing were mailed, first class, postage prepaid, to the following parties:

    Comptroller of Maryland
    Revenue Administration Division
    110 Carroll Street
    Annapolis, MD 21411

    Internal Revenue Service
    PO Box 21126
    Philadelphia, PA 19114-0326

    Joe Marzouk
    Equity Lenders, LLC
    11709 Reisterstown Road
    Reisterstown, MD 21136-3301

    Select Portfolio Servicing, Inc.
    PO Box 65250
    Salt Lake City, UT 84165-0250

    Trius Lending Partners
    c/o Superior Settlement Services, LLC
    2700 Stonecliff Drive Unit 104
    Baltimore, MD 21209-3766

    Hunter Piel, Substitute Trustee
    Piel Law Firm, LLC
    502 Washington Avenue Suite 730
    Towson, MD 21204-4525

Truist Bank
PO Bank 580057
Charlotte, NC 28258-0057

I HEREBY FURTHER CERTIFY that a copy of the foregoing was served electronically upon filing via the ECF system, with copies to:

| | |
|---|---|
| **Hugh M. (UST) Bernstein** | hugh.m.bernstein@usdoj.gov |
| **Rowena N Nelson** | rnelson@rnnlawmd.com; paralegal@rnnlawmd.com; attorney@rnnlawmd.com; NelsonRR90047@notify.bestcase.com |
| **US Trustee - Baltimore** | USTPRegion04.BA.ECF@USDOJ.GOV |

/s/Owen Jarvis
Owen Jarvis, #28998